**In re J___ R___ N___, Jr., a minor.**

No. 13758.

Missouri Court of Appeals,
Southern District,
Division Two.

March 8, 1985.

Motion for Rehearing and Transfer to Supreme Court Denied March 27, 1985.

Application to Transfer, Denied
April 30, 1985.

M. Elise Branyan, Public Defender, Springfield, for juvenile-appellant.

PREWITT, Chief Judge.

The minor, a 16-year-old male, was committed to the custody of the Director of Youth Services for an indeterminate period. He appeals, asserting that the evidence was insufficient to find that he had committed the crime of assault in the first degree

because the proof did not show beyond a reasonable doubt that he took a substantial step toward causing serious physical injury to another.

There was evidence that appellant, saying, "I want Richard", attempted to enter the Missouri Hotel carrying a "lug wrench". A police officer, who was called to the hotel, testified that he asked appellant "what he was doing and what was going on." He said appellant replied that he was there "to assault the manager." When asked who appellant was referring to, the officer said appellant "spoke the name" of "Mr. Corder". Richard Corder was the assistant manager at the hotel.

Assault in the first degree can be committed if someone "attempts to kill or cause serious physical injury to another person". § 565.050(2), RSMo 1978. Quoting § 564.011.1, RSMo 1978, appellant contends that there was no evidence that he took a "substantial step" toward causing serious physical injury to Corder. Assuming, but not deciding, that § 564.011 is relevant in this context, we find no merit to this contention.

■■■ Section 564.011.1 does not require that an actual and specific attempt be made to perform each and every element of the crime. *State v. Thomas*, 670 S.W.2d 138, 139 (Mo.App.1984). A defendant's overt act need not be the ultimate step toward, or the last proximate act or the last possible act in the consummation of the crime attempted. Id.

The committee comments to the Criminal Code are an aid to the interpretation of it. *State v. Olson*, 636 S.W.2d 318, 321 (Mo. banc 1982). Those comments, set out following § 564.011 in V.A.M.S., state in part:

What act will constitute a substantial step will depend on the facts of the particular case. If the other requirements of attempt liability are met, the following, if strongly indicative of the actor's criminal purpose, should not be held insufficient as a matter of law:

(a) lying in wait, searching for or following the contemplated victim of the offense.

\*   \*   \*   \*   \*   \*

(c) reconnoitering the place contemplated for the commission of the offense.

\*   \*   \*   \*   \*   \*

(e) possession of materials to be employed in the commission of the offense, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances.

(f) possession, collection or fabrication of materials to be employed in the commission of the offense, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances.

In *State v. O'Dell*, 684 S.W.2d 453 (Mo. App.1984), this district recently considered what is a substantial step toward the commission of an offense. The discussion there indicates that a substantial step toward causing serious physical injury to Corder occurred here. No point would be served in restating that discussion.

■■■ It can be reasonably inferred from the evidence that appellant wanted to strike Mr. Corder with a lug wrench. Obviously, that could cause serious physical injury or death. Under § 564.011.1 there was a sufficient basis for the court to find that a substantial step toward that end had been taken. Even disregarding that section, there was sufficient evidence that appellant attempted to cause serious physical injury to Corder to justify the court's findings.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.