Howard J. VERWEIRE, Petitioner,

v.

Steven MOORE, Respondent.

No. WD 64038.

Missouri Court of Appeals,
Western District.

April 19, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 31, 2005.

Application for Transfer Denied
Aug. 30, 2005.

Kent E. Gipson, Public Interest Litigation Clinic, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrew Hassell, Office of Attorney General, Jefferson City, for Respondent.

PAUL M. SPINDEN, Judge.

Howard J. Verweire filed a petition for writ of *habeas corpus* seeking to vacate his conviction for the Class B felony of assault in the first degree and his 10–year sentence. Verweire claims that he is actually innocent of the crime. We disagree and deny his petition.

Because Verweire stated a colorable claim in his petition and because manifest injustice could occur were Verweire not

allowed to pursue his claim of actual innocence, we appointed a special master to conduct an evidentiary hearing to determine whether or not Verweire had evidence to support his claim of actual innocence. The special master issued a report finding that Verweire was guilty of assault in the first degree and that Verweire presented no credible evidence of actual innocence. We agree with the special master and, therefore, deny Verweire's petition.

■ Rule 91.01(b) says, "Any person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint." *Habeas corpus* may not be used to circumvent the time limits set out in Rule 24.035(b). *Brown v. State*, 66 S.W.3d 721, 731 (Mo. banc 2002). A petitioner, however, may be entitled to a petition for *habeas corpus* after Rule 24.035's deadline if the petitioner can show "(1) a claim of actual innocence or (2) a jurisdictional defect or (3)(a) that the procedural default was caused by something external to the defense—that is, a cause for which the defense is not responsible—and (b) prejudice resulted from the underlying error that worked to his actual and substantial disadvantage." *Id.* *Habeas corpus* is proper when manifest injustice would result were a petition for *habeas corpus* not issued. *Brown v. Gammon*, 947 S.W.2d 437, 440 (Mo.App.1997).

■ Verweire claims that he is actually innocent of the first-degree assault conviction because no factual basis existed for his pleading guilty to the charge. The General Assembly has mandated, "A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." Section 565.050.1, RSMo 2000. The state charged Verweire with attempting to cause serious physical injury to Alex Crompton. "A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense." Section 564.011.1, RSMo 2000. "A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." Section 564.011.1.

■ The evidence established that, on October 9, 1999, Verweire, armed with a semi-automatic pistol with a round of ammunition in the chamber and six rounds in the magazine, went to a video arcade in Rockaway Beach. There, he pointed the gun at Crompton, jabbed Crompton with the gun in his side and cheek, and told him that he would blow "his f[——]ing head off." [1] This evidence was enough to establish that Verweire took a substantial step toward causing serious physical injury to Crompton. *See State v. White*, 798 S.W.2d 694, 697 (Mo. banc 1990) (evidence showing that defendant threw the victim to the floor, told the victim to "shut up or I will stab you," and cut the victim without causing serious physical injury was sufficient to show attempt to cause serious physical injury); *In re J——R——N——*, 687 S.W.2d 655, 656 (Mo.App.1985) (evidence showing that defendant entered a hotel carrying a

---

1. Verweire argues that "no source [exists] in the record for any such quotation" and that "there is not one scintilla of evidence presented by any witness attributing any such statement to [him]." He is wrong. David Jones, one of the witnesses to the incident, gave this statement to police: "The [psycho] dude keep [sic] his hand by his pocket the hole [sic] time and was staring at Summer and Kelly, held the gun to Alexis [sic] throught, [sic] and head, cheek. [H]e was wearing camo. The fire arm [sic] was silver. I herd [sic] that he would blew [sic] his f[——]ing head off." From this statement, one reasonably could infer that the "psycho dude," who was later identified by police as Verweire, was the individual making that statement that he would blow "his f[——]ing head off."

lug wrench and announced that he was there to assault the manager was sufficient to show attempt to cause serious physical injury). Verweire's claim of actual innocence is without merit.[2]

We, therefore, deny Verweire's petition for a writ of *habeas corpus*.

PATRICIA A. BRECKENRIDGE, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.

---

**2.** Verweire also asserts that his trial attorney was not effective because he advised Verweire to plead guilty to first degree assault. He contends that he would not have pleaded guilty had he been advised correctly that the state did not have a submissible case for assault in the first degree. Having determined that the facts were sufficient to establish that Verweire committed assault in the first degree, Verweire's contention is without merit. Verweire also claims that the information charging him of assault in the first degree was deficient in that it omitted "knowingly" from the charge. Even assuming the information was insufficient, an insufficient information does not require reversal in every case. A defendant must allege and demonstrate actual prejudice. State v. Briscoe, 847 S.W.2d 792, 794 (Mo. banc 1993); State v. Parkhurst, 845 S.W.2d 31, 35 (Mo. banc 1992). In his petition for the writ of *habeas corpus*, Verweire merely asserts, "There can be little doubt that the defect in the information in this case was prejudicial to petitioner because this error permitted him to be found guilty and incarcerated for a crime which ... he did not commit." This was not sufficient to establish actual prejudice.