**STATE ex rel. Howard J. VERWEIRE, Petitioner,**

v.

**Steven MOORE, Superintendent, Western Missouri Correctional Center, Respondent.**

No. SC 87445.

Supreme Court of Missouri, En Banc.

Dec. 19, 2006.

As Modified on Denial of Rehearing Jan. 30, 2007.

---

14. Id. at 17.

Kent E. Gipson, Kansas, for Petitioner.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrew W. Hassell, Asst. Atty. Gen., Jefferson City, for Respondent.

STEPHEN N. LIMBAUGH, JR., Judge.

This case presents the rare situation in which a criminal defendant pled guilty to a crime he did not commit. In June 2000, petitioner, Howard J. Verweire, pled guilty in the Circuit Court of Taney County to one count of assault in the first degree, section 565.050, RSMo 1994, and one count of unlawful use of a weapon, section 571.030.1, RSMo Supp.1999. He petitioned this Court for a writ of habeas corpus claiming actual innocence on the assault charge and a due process violation in that there was no factual basis for the plea to that charge. This Court has jurisdiction. Mo. Const. art. V, sec. 4. Having determined that habeas corpus relief is warranted, the judgment on the assault charge is vacated, petitioner is permitted to withdraw his plea, and he is remanded to the custody of the sheriff of Taney County.

The pertinent facts giving rise to the first-degree assault conviction are not in dispute. On October 9, 1999, petitioner, an intoxicated, middle-age male, was watching a group of juveniles who had congregated at an arcade. He had been staring at a particular female juvenile for approximately fifteen to twenty minutes when a male member of the group, Alex Crompton, stepped in between them. Petitioner told Crompton that he "was blocking [petitioner's] view," and Crompton, who was attempting to protect the female, twice responded that she was only fourteen years old. Obscenities were exchanged, and petitioner pulled out a semi-automatic pistol, approached Crompton, grabbed Crompton's neck, jabbed the pistol in Crompton's side and cheek, and told Crompton that he would "blow his [f-ing] head off." Petitioner then left the arcade and shortly thereafter was arrested in possession of the pistol, which contained one round of ammunition in the chamber and six rounds in the magazine.

The State charged petitioner in a two-count information. The first count, which is the only count to which the petition is addressed, alleged that petitioner committed the class B felony of assault in the first degree by "attempting to cause serious physical injury to a male juvenile by grabbing him by the throat while holding a .25 caliber handgun to his chest and his head and then pushing him." The second count, which is not in dispute, charged petitioner with the class D felony of unlawful use of a weapon, a charge arising from the fact that the handgun was found concealed on petitioner's person when he was arrested. Without the benefit of a plea bargain and upon advice of his retained counsel, petitioner pled guilty to both counts and thereafter was sentenced to concurrent terms of imprisonment of ten years on the first count and five years on the second. After commencement of the sentences, petitioner was released on probation under the 120–day callback statute, but his probation was later revoked, and he is now serving the sentences at the Western Missouri Correctional Center.

The procedural posture of the case is unconventional. There was no direct appeal nor any Rule 24.035 proceeding. Instead, Verweire filed an initial petition for writ of habeas corpus in the Circuit Court of DeKalb County, which was denied, and a subsequent, identical petition in the Court of Appeals, Western District. In that petition, Verweire alleged that he was actually innocent and that a sufficient factual basis for the guilty plea had not been adduced at the time of the plea as required under Rule 24.02(e), and that, as such, the plea was not knowingly and voluntarily entered as required under the Fourteenth Amendment's Due Process Clause. The Court of Appeals issued a preliminary writ and appointed a special master who took evidence from both the petitioner and the State on the sufficiency of the plea, but the Court of Appeals then quashed the writ in a published opinion. *Verweire v. Moore*, 168 S.W.3d 518 (Mo.App.2005). This Court refused to grant transfer of the Court of Appeals case even though that case presented the very same claims as those set out in the writ petition that was refiled in this Court and on which the writ now issues.

■ Habeas corpus relief is available even in the absence of a direct appeal or a Rule 24.035 post-conviction relief motion where petitioner can demonstrate "manifest injustice or miscarriage of justice" by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Clay v. Dormire*, 37 S.W.3d 214, 217 (Mo. banc 2000). Here, petitioner claims that the record made at the plea hearing and at the subse-

quent hearing conducted by the master appointed by the Court of Appeals was insufficient as a matter of law to establish that petitioner attempted to cause serious physical injury to Compton. If so, a due process violation did indeed result because there was no factual basis for the plea, and as such, the plea cannot be said to have been knowingly and voluntarily entered. *McCarthy v. U.S.*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

■ The precise issue before us is whether Verweire's conduct constituted a substantial step toward commission of the offense of first-degree assault. A person commits first-degree assault if he "attempts to cause serious bodily injury to another person." Sec. 565.050. A person attempts to commit an offense when "with the purpose of committing the offense, he does any act which is a substantial step towards commission of the offense." Sec. 564.011, RSMo 1994. "A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *Id.*

■ Further, section 562.016.2, RSMo 1994, defines the requisite mental state for first-degree assault, providing that "[a] person acts purposefully, or with purpose, with respect to his conduct or to a result thereof when it is his conscious object to engage in that conduct or to cause that result." Thus, for a conviction of attempt to commit serious physical injury to another, the State must prove the specific intent to commit the crime allegedly attempted. *Whalen*, 49 S.W.3d at 186. One does not, however, "attempt to commit a crime by negligently endangering the person or property of another however great the danger or extreme the negligence." *Id.* at 187 n. 5 (quoting R. Perkins, *Criminal Law*, 573–74 (2d ed.1969)). When determining a defendant's mental state, the

Court may look to the defendant's conduct before, during and after the act. *State v. Hineman*, 14 S.W.3d 924, 927–28 (Mo. banc 1999).

In the case at hand, the evidence was not sufficient to establish that Verweire took a substantial step toward commission of the offense of first-degree assault. It is undisputed that when Verweire aimed the pistol at Crompton, he did not pull the trigger and that he soon retreated from the altercation without ever having attempted to fire the pistol. Under these circumstances, he did not have the intent to cause serious physical injury, but merely threatened to do so. This is not a case like those in which the defendant was convicted because he would have injured the victim but for the malfunctioning of his weapon or the intervention of law enforcement. *See, e.g., State v. Unverzagt*, 721 S.W.2d 786, 788 (Mo.App.1986) (evidence showing defendant pointed an unloaded revolver, believing it to be loaded, at another person four feet away and pulled the trigger two or three times was sufficient to show intent to cause serious physical injury); *In re J R N*, 687 S.W.2d 655, 656 (Mo.App.1985) (evidence showing that defendant entered a hotel carrying a lug wrench and announced that he was there to assault the manager but was stopped by a police officer was sufficient to show intent to cause serious physical injury). Nor is this a case in which the defendant attempted to cause serious physical injury but only minor injury resulted from his actions. *See, e.g., State v. White*, 798 S.W.2d 694, 697 (Mo. banc 1990) (evidence showing that defendant threw the victim to the floor, told the victim to "shut up or I will stab you," and cut the victim without causing serious physical injury was sufficient to show intent to cause serious physical injury).

Furthermore, although the State contends that Verweire's statement threatening to "blow [Crompton's] head off" provides the necessary intent to commit first-degree assault, a mere threat with the ability to carry out that threat does not necessarily constitute an attempt to commit a crime. Instead, there must be strongly corroborating evidence that it was the defendant's conscious object to carry out the threat. Under the state's approach, however, every threat with a deadly weapon would constitute a substantial step toward the commission of first-degree assault. But again, in this case, the fact that Verweire voluntarily withdrew from the altercation without having fired or attempted to fire his weapon strongly negates any intent to seriously injure Crompton. That is not to say, of course, that Verweire did not commit some other assault offenses, such as the lesser included offenses of assault in the third degree by "purposely plac[ing] another person in apprehension of immediate physical injury" and "knowingly caus[ing] physical contact with another person knowing the other person will regard the contact as offensive or provocative." Sec. 565.070(3), (5), RSMo 1994.

Given that the evidence presented at the plea hearing and at the hearing before the special master was insufficient to establish the mental element of assault in the first degree by attempting to cause serious physical injury, and given the fact that the state concedes that there is no other evidence of guilt, this Court holds that Verweire is actually innocent of the offense, that there was no factual basis for the guilty plea, and that his plea was not knowingly and voluntarily entered. Although in nearly all cases, manifest injustice or miscarriage of justice will require a showing of newly discovered evidence of actual innocence, *Clay v. Dormire*, 37

S.W.3d at 217, that requirement is not applicable in those rare and exceptional cases, such as this one, where the court can determine from the face of the record of the guilty plea proceeding that the defendant pleaded guilty to a crime he or she did not commit. After all, the requirement of newly discovered evidence of actual innocence presupposes that the evidence presented at the plea hearing did not establish actual innocence, which in this case it did, as a matter of law.

The judgment of the conviction as to Count I is vacated, petitioner is permitted to withdraw his plea, and he is remanded to the custody of the sheriff of Taney County to await further proceedings on any lesser included offenses.

All concur.