

# In the
# Missouri Court of Appeals
# Western District

STATE OF MISSOURI, )
)
    Respondent, ) WD76656
)
v. ) OPINION FILED: July 29, 2014
)
DELMARIO R. REESE, )
)
    Appellant. )

**Appeal from the Circuit Court of Livingston County, Missouri**
The Honorable Thomas N. Chapman, Judge

Before Division Four: Alok Ahuja, Chief Judge, Presiding, Cynthia L. Martin, Judge and
Anthony Rex Gabbert, Judge

Delmario Reese ("Reese") appeals his conviction of second-degree assault on a

corrections officer. Reese argues that the trial court erred in denying his motion for

judgment of acquittal because the State presented insufficient evidence to prove that: (1)

he attempted to assault a corrections officer; and (2) he did so using a dangerous

instrument. We affirm.

## Factual and Procedural Background[1]

While incarcerated at the Daviess-Dekalb Regional Jail, Reese became disruptive during a presentation about the jail's new kiosks. Corrections Officer Toni Poage ("Officer Poage") told him to calm down. That only agitated Reese further. Officer Poage eventually decided that Reese's behavior warranted placement in Administrative Segregation, a separate housing unit for non-compliant inmates.

Officer Poage asked Officer Jason Keough ("Officer Keough") and Officer Donnie Fountain ("Officer Fountain") to escort Reese. As Officer Keough and Officer Fountain approached Reese, they asked him to put his hands behind his back in order to be handcuffed. He refused. They also asked him to drop the pencil he was holding. He refused. Reese was asked several more times to comply with their directives. Each time he refused.

Reese then began making stabbing motions[2] with the pencil toward Officer Fountain and said, "You all don't want none of this." Officer Fountain sprayed Reese in the face with mace. As Reese continued to move toward Officer Fountain, Officer Keough grabbed Reese. A struggled ensued. Both officers tried to restrain Reese, but he resisted. During the fight, Reese bit Officer Keough's hand hard enough to break the

---

[1]We view the facts in the light most favorable to the jury's verdict. *State v. Nelson*, 334 S.W. 3d 189, 191 n. 1 (Mo. App. W.D. 2011).

[2]Although no witness orally testified that the motions Reese made were stabbing motions, both Officer Keough and Officer Fountain demonstrated to the jury the type of motion Reese made. The prosecution later referred to the motion as a stabbing motion, and defense counsel did not object. Further, defense counsel asked Officer Fountain if he believed that Reese was attempting to stab him, and Officer Fountain said yes. A jury instruction also described Reese's actions as an attempt to stab Officer Fountain. Again, we view all the evidence and any inferences in the light most favorable to the verdict. *Id*.

skin.  Eventually, other officers arrived and Reese was handcuffed.  In the end, it took five officers to subdue him.  Besides Officer Keough, no one else was injured

Reese was charged with three counts of second-degree assault on a corrections officer.  Count I charged Reese with violating Section 565.082.1(2)[3] by biting Officer Keough.  Count II charged Reese with violating Section 565.082.1(1) by attempting to stab Officer Fountain with the pencil.  Count III charged Reese with violating Section 565.082.1(2) by attempting to bite another officer's leg.  After a jury trial, Reese was convicted on Counts I and II.  He was sentenced to concurrent prison terms of seven years for Count I and ten years for Count II.

Reese appeals.

## Standard of Review

Our review is limited to deciding whether sufficient evidence was presented at trial, "from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt."  *State v. Miller*, 372 S.W.3d 455, 463 (Mo. banc 2012).  We view the evidence and all reasonable inferences in the light most favorable to the verdict, and we disregard any evidence or inferences that contradict the verdict.  *Id.*  Moreover, we only determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt of all the essential elements of the crime, not whether we believe the evidence presented proved the defendant's guilt beyond a reasonable doubt.  *Id.*  We are not a "'super juror' with veto powers."  *Id.*  We do, however, give the trier of fact great

---

[3]All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

3

deference when reviewing whether the evidence was sufficient to support a criminal conviction. *Id.*

**Analysis**

*Attempted Assault*

Reese's first point on appeal is that the trial court erred in overruling his motion for judgment of acquittal on Count II because the State presented insufficient evidence to prove that he attempted to assault Officer Fountain. Second-degree assault on a corrections officer is committed when a person "knowingly causes or attempts to cause physical injury to a . . . corrections officer . . . by means of a deadly weapon or dangerous instrument[.]" Section 565.082.1(1). To prove attempt, the State must show that the defendant: (1) had the purpose to commit the underlying offense; and (2) committed an act, which was a "substantial step toward the commission of that offense." *State v. Withrow*, 8 S.W.3d 75, 78 (Mo. banc 1999).

A "substantial step" is conduct that is "strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." Section 564.011.1. The purpose to commit an offense means it was the defendant's "conscious object to engage in that conduct or to cause that result." Section 562.016.2. Generally, "a mere threat with the ability to carry out that threat" is not an attempt to commit an offense unless the State proves by strongly corroborating evidence that the defendant's conscious object was to carry out the threat. *State ex rel. Verweire v. Moore*, 211 S.W.3d 89, 93 (Mo. banc 2006).

4

Reese argues that the evidence presented was insufficient to prove that he attempted to assault Officer Fountain when he motioned with the pencil and said, "You all don't want none of this." He claims that he did not intend to physically injure Officer Fountain and that he only threatened the officer. To support his argument, Reese relies on *State ex rel. Verwiere v. Moore* and *State v. Dublo*, 243 S.W.3d 407 (Mo. App. W.D. 2007).

In *Verwiere*, the defendant shoved a gun into the victim's side and cheek and threatened to kill him. *Verwiere,* 211 S.W.3d at 91. The Supreme Court found that the evidence presented was insufficient to prove that the defendant took a substantial step toward committing first-degree assault because he did not pull the trigger and retreated from the altercation. *Id*. at 92. The Court also concluded that the defendant "did not have the intent to cause serious physical injury, but merely threatened to do so." *Id*.

In *Dublo*, the defendant held a knife to the throats of two of his co-workers, but did not injure either of them and ultimately laid down his knife and left. *Dublo*, 243 S.W.3d at 408-09. We found that like the defendant in *Verweire*, the defendant in *Dublo* only made threats and that the record did not contain any strongly corroborative evidence showing that the defendant intended to cause harm. *Id*. at 409-10.

Both cases are distinguishable. Unlike the defendants in *Verweire* and *Dublo*, Reese never voluntarily retreated. *See State v. Hill*, 408 S.W.3d 820, 824 (Mo. App. E.D. 2013) (distinguishing the case from *Verweire* and *Dublo*, in part, because the defendant did not retreat). In fact, Reese's advance with the pencil was only stopped because Officer Fountain and Officer Keough intervened. As Reese moved toward Officer

5

Fountain while making stabbing motions, Office Fountain sprayed him with mace and Officer Keough grabbed him. We may consider law enforcement intervention when determining attempt. *See Verweire*, 211 S.W.3d at 92 ("This is not a case like those in which the defendant was convicted because he would have injured the victim but for . . . the intervention of law enforcement."). A juror could reasonably infer that had Officer Fountain and Officer Keough not intervened, Reese would have attacked Officer Fountain.[4]

Further, Reese's advancement toward Officer Fountain, while making stabbing motions, is corroborative evidence showing that it was Reese's conscious object to carry out his threat. *See Hill*, 408 S.W.3d at 824. His conscious object to injure Officer Fountain is also evidenced by his continued movement toward Officer Fountain after being sprayed with mace and his resistance against the officers' efforts to restrain him. Even though Reese may not have been, as he points out, holding the pencil after being sprayed with mace, we may look at defendant's conduct before, during, and after the incident to determine a defendant's state of mind. *Verweire*, 211 S.W.3d at 92.

Therefore, we conclude that the State presented sufficient evidence to prove that Reese's purpose was to injure Officer Fountain and that he would have taken a substantial step toward the commission of the crime had Officer Fountain and Officer Keough not intervened. Reese's first point is denied.

---

[4]The court in *Hill* also found *Verweire* and *Dublo* distinguishable because they both involved first-degree assault, not second-degree domestic assault. *Hill*, 408 S.W.3d at 823. Reese was charged with second-degree assault on a corrections officer, which is similar to second-degree domestic assault. Because we otherwise distinguish *Verweire* and *Dublo*, we need not address whether the difference in the degree of the charged crime warrants distinction of this case.

*Dangerous Instrument*

Reese's second point on appeal is that the trial court erred in overruling his motion for judgment of acquittal on Count II because the State presented insufficient evidence to prove that the pencil was used as a dangerous instrument. We disagree.

A "dangerous instrument" is "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." Section 556.061(9). "Serious physical injury" is defined as a "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." Section 556.061(28). A dangerous instrument is not intended to be a weapon and may have a normal purpose in ordinary circumstances. *State v. Williams*, 126 S.W.3d 377, 384 (Mo. banc 2004). Additionally, a defendant does not need to have the subjective intent to use the item with the purpose of causing death or serious physical injury; he or she only has to be aware that the object is being used in circumstances that are "'readily capable of causing death or serious physical injury.'" *Id* (citing Section 556.061(9)).

Here, Reese made stabbing motions with the pencil. Even if he did not intend to kill or seriously injure Officer Fountain, a juror could reasonably infer that Reese was aware that he was using the pencil in a way that might cause death or serious physical injury. In addition, the jury was not required to find that Reese had the subjective intent to kill or seriously injure Officer Fountain, only that he was aware that he was using the pencil in such a way that could readily cause death or serious physical injury.

7

Moreover, an ink pen, which is strikingly similar to a pencil, has been found to be a dangerous instrument. *State v. Arnold*, 216 S.W.3d 203, 209 (Mo. App. S.D. 2007). In *Arnold*, an inmate held an ink pen to a corrections officer's throat. *Id*. at 205-06. The court determined that because of the "soft tissue vulnerabilities of the neck and throat," the jury could infer that the pen was capable of causing death or serious physical injury. *Id*. at 208. While Reese did not hold the pencil to anyone's neck or throat in this case, the stabbing motions he made would allow a juror to reasonably infer that he was going to use it in a manner capable of causing death or serious physical injury. The jury only had to find that Reese was using the pencil in a manner "readily capable of causing death or serious physical injury," not that he had the specific intent to kill or seriously injure Officer Fountain. The pencil was a dangerous instrument.

Reese argues that it would be speculative to infer how he would have used the pencil, relying on *State v. Whalen*, 49 S.W.3d 181 (Mo. banc 2001). In *Whalen*, the defendant was charged with assaulting three police officers, one whom he actually shot, and two that were standing nearby. *Id*. at 183-84. The Supreme Court held that because the evidence did not allow a juror to reasonably infer, without speculating, that the defendant knew that the other officers were standing nearby, the evidence did not support his conviction of assault on the other two officers. *Id*. at 185.

In this case, however, both Officer Fountain and Officer Keough demonstrated how Reese was waving the pencil. From those demonstrations, a juror could reasonably infer how Reese was going to use the pencil. A reasonable juror could also infer that because a pencil is a sharp and pointed object, it could be used in such a way that would

8

cause death or serious physical injury. Moreover, unlike in *Whalen*, the evidence in this case establishes that Reese was making stabbing motions which were purposefully directed at Officer Fountain; this is not a case where Reese's actions created a risk of injury to individuals whose presence was unknown.

Reese's second point is denied.

## Conclusion

We affirm.


_Cynthia L. Martin_____
Cynthia L. Martin, Judge


All concur