

# Missouri Court of Appeals

### Southern District

### Division Two

STATE OF MISSOURI, )
)
             Respondent, )
)    Nos. SD33957 and SD33958
   vs. )        (Consolidated)
)    Filed: April 12, 2016
DONALD K. HARDY, )
)
             Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF ST. CLAIR COUNTY

Honorable James Kelso Journey, Circuit Judge

### AFFIRMED

Donald K. Hardy ("Hardy") appeals his convictions of one count of the class A felony of assault of a law enforcement officer in the first degree, and one count of armed criminal action. He was sentenced to ten years for the assault of a law enforcement officer, and three years for the armed criminal action, with the sentences to run concurrently.[1] Hardy presents one point on appeal. Finding no merit to Hardy's point, we affirm the trial court's sentence and judgment.

---

[1] The sentence and judgment on the class A felony of assault of a law enforcement officer and armed criminal action was appealed under case number SD33957. Hardy was also charged and found guilty of the class C felony of domestic assault and a second armed criminal action charge. He was sentenced to seven years for the domestic assault and three years on the second armed criminal action. That sentence and judgment was appealed under case number SD33958. Both cases were tried in the same bench trial and were consolidated for purposes of this appeal. Hardy's one point relied on asserts trial court error only as to the sentence and judgment in the assault of a law enforcement officer and armed criminal action. The trial court's sentence and judgment as to the domestic assault and armed criminal action are not presented for review in this appeal.

## Factual and Procedural Background

Hardy contests the sufficiency of the evidence to support his convictions for first-degree assault of a law enforcement officer and armed criminal action. Viewed in the light most favorable to the judgment, disregarding contrary evidence and inferences, *State v. Foster*, 392 S.W.3d 576, 578 (Mo.App. S.D. 2013), the evidence presented at trial was as follows.

On the morning of November 23, 2013, law enforcement officers responded to a domestic assault call regarding Hardy and his girlfriend ("W.H."). Hardy had struck W.H. on the legs and back with a wooden club, and struck W.H.'s face and arms with his hand for up to two hours while he made her sit in a chair. Hardy believed W.H. had been the "snitch" in his earlier arrest for possession of methamphetamine with intent to distribute. Hardy finally told W.H. she could leave. W.H. left and went to a neighbor's house where the St. Clair County Sheriff's Department was called, as well as an ambulance to transport W.H. to the hospital for treatment.

After being released from the hospital and giving a statement at the sheriff's department, W.H. requested sheriff deputies accompany her to the mobile home she shared with Hardy in order to retrieve some clothing and personal items. Jason Williams ("Deputy Williams"), the police chief of Appleton City and reserve deputy for the St. Clair County Sheriff's Department, along with Deputy Gerold Esser ("Deputy Esser") and Deputy Charles Hodges ("Deputy Hodges"), also with the St. Clair County Sheriff's Department, all accompanied W.H. to the mobile home. All three deputies were in uniform and arrived in marked patrol cars.

Deputy Williams and Deputy Hodges approached the front door, Deputy Esser went to cover the back of the mobile home, and W.H. remained in the patrol car. Deputy Williams identified himself as being with the St. Clair County Sheriff's Department and repeatedly

2

knocked on Hardy's door, which Hardy refused to open. W.H. then left the patrol car and approached the mobile home asking Hardy to open the door, which he did finally.

Deputy Williams had pulled his taser, holding it behind his leg, anticipating possible trouble with Hardy. When Hardy partially opened the door, Hardy held a large knife-machete in his right hand. When Deputy Williams pushed the door the rest of the way open, Hardy briefly stepped behind the door out of sight. Hardy then stepped forward, raised the knife-machete above his head, and brought it down in a swinging motion toward Deputy Williams. Fearing for Deputy Williams' life, Deputy Hodges pulled his service weapon and aimed it at Hardy's head. However, Deputy Hodges did not fire his weapon as he observed that Deputy Williams had successfully deployed his taser, striking Hardy in the chest. Hardy dropped the knife-machete and fell to the floor, where he was handcuffed.

Hardy was transported to the St. Clair County jail. There Hardy stated he was sorry for putting Deputy Williams in the position of having to tase him and that Deputy Williams would have had the right to kill him.

On March 3, 2014, Hardy was charged by amended information with the class A felony of assault of a law enforcement officer (Deputy Williams), pursuant to section 558.011, and felony armed criminal action (Deputy Williams), pursuant to section 571.015.1.[2]

A bench trial was held on April 14, 2015. At the close of all the evidence, Hardy moved for a judgment of acquittal, which the trial court took with the case. The trial court then took the matter under advisement. On May 4, 2015, the trial court found Hardy guilty beyond a reasonable doubt of first-degree assault of a law enforcement officer and armed criminal action. At the sentencing hearing on June 10, 2015, the trial court overruled all post-trial motions and

---

[2] All references to statutes are to RSMo 2000, unless otherwise indicated.

sentenced Hardy to ten years on the assault of a law enforcement officer and three years on the armed criminal action, with all sentences to run concurrently. This appeal followed.

The sole issue for our determination is whether there was sufficient evidence to support Hardy's convictions for assault of a law enforcement officer and armed criminal action.

## Standard of Review

> Appellate review of sufficiency of the evidence is limited to whether the State has introduced adequate evidence from which a reasonable finder of fact could have found each element of the crime beyond a reasonable doubt. This Court considers all evidence in the light most favorable to the verdict and grants the State all reasonable inferences. Contrary evidence and inferences are disregarded. The Court will not supply missing evidence or grant the State unreasonable, speculative, or forced inferences.

*State v. Lammers*, 479 S.W.3d 624, 632 (Mo. banc 2016) (internal citations omitted).

## Analysis

In his sole point on appeal, Hardy argues there was insufficient evidence of the intent required to support his convictions for assault of a law enforcement officer and armed criminal action.

In the argument section of his brief, Hardy points to two cases in support of the argument that only evidence of an actual attempt to injure would be sufficient to support his conviction: *State ex rel. Verweire v. Moore*, 211 S.W.3d 89 (Mo. banc 2006) and *State v. Dublo*, 243 S.W.3d 407, 409 (Mo.App. W.D. 2007).

Specifically, Hardy suggests that *Verweire* and *Dublo* should control because Hardy never moved toward Deputy Williams with the knife-machete.[3] Hardy argues that the allegation

---

[3] In *Lammers*, our supreme court indicated:

> this Court now holds that *Verweire* was wrongly decided. To the extent that *Verweire* and its progeny [, *State v. Dublo*, 243 S.W.3d 407 (Mo.App. W.D. 2007),] hold that threats with a deadly weapon with the ability to carry them out cannot constitute attempt unless the defendant pulls the trigger, police intervene, or the defendant causes only minor injury, those decisions should no longer be followed.

*Id.* at 636.

4

that Hardy attempted to swing the knife-machete was speculation because no one witnessed this until Hardy was falling to the floor. As a result, Hardy posits, there was insufficient evidence that Hardy had the intent to cause serious physical injury or death to Deputy Williams. The factual premise of Hardy's argument is incorrect.

This is a challenge to a finding of fact on which we must defer to the trial court where, as here, there is substantial evidence to support the finding. *Lammers*, 479 S.W.3d at 632. There was direct testimony by Deputy Williams that Hardy "stepped out from behind the door and raised the machete or knife . . . up into a swinging position," and then "began swinging a motion forward and I deployed my tazer." Deputy Hodges also testified that when Hardy opened the door, he was holding the knife-machete and Hardy "raised it up and was coming down towards Deputy Williams with it." In fear for Deputy Williams' life, Deputy Hodges pulled his service weapon and pointed it at Hardy's head, but did not fire as Deputy Williams had successfully tased Hardy. This is sufficient evidence to support the finding that Hardy attempted to strike Deputy Williams with the knife-machete with the intent to cause serious physical injury or death to Deputy Williams.

Point denied. The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

GARY W. LYNCH, J. – CONCURS