**STATE of Missouri, Respondent,**

v.

**Steven G. TURNER, Appellant.**

No. 43983.

Missouri Court of Appeals, Eastern District, Division One.

March 23, 1982.

1978 are denied.

Kelly Pool, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Appellant was convicted of the Class C felonies of burglary second degree, § 569.-170, RSMo 1978, and stealing, § 570.030, RSMo 1978. Appellant's timely motion for new trial was overruled, allocution was granted, and appellant was sentenced to concurrent terms of four years imprisonment on each count. He now appeals his convictions alleging three points of error. We affirm.

■ Appellant first contends that there was insufficient evidence to support the convictions; therefore it is necessary to review the evidence. In testing its sufficiency, facts and appropriate inferences intelligently drawn therefrom must be assessed in the light most favorable to the State and all adverse inferences and evidence disregarded. Review is limited to whether the evidence is sufficient to build a submissible case and whether there is sufficient evidence from which reasonable individuals could conclude appellant to be guilty. *State v. Moon*, 602 S.W.2d 828, 831 (Mo. App.1980).

Viewed by this standard, the evidence was that on January 17, 1979, in Jefferson City, Missouri, Whaley's Pharmacy was burglarized between 6:30 p. m. and midnight. A safe was stolen containing narcotics and cash in the approximate sum of $3700. Entry to the pharmacy was accomplished by breaking the window on the rear door of the premises. The burglary was discovered the next morning and the police were called. When they arrived they found that a brownish-red substance had been spilled on the floor of the pharmacy and tracked outside the building, leaving three different sets of footprints.

At approximately midnight on January 17, 1979, a manager of an apartment complex in Jefferson City was awakened by noise from the apartment's parking lot. He awakened his roommate, also a manager of the apartment complex, and they went to the parking lot. When they got there they saw John Dominique and appellant, who displayed shock as they approached. The two men conversed with Dominique and appellant and observed them moving the safe from Dominique's car into his apart-

ment. The apartment managers knew Dominique, who lived in the apartment complex with his brother, and testified that they had observed appellant visiting there on prior occasions.

Late that evening, either before or after the safe had been unloaded at the apartment complex, appellant and Dominique were at the Salty Dog Lounge in Jefferson City. Dominique asked Henry Fullmer, a patron of the tavern, where he could get a "cutting torch." At about closing time, the somewhat inebriated Fullmer rode with them to Dominique's apartment where they met Dominique's brother. Fullmer observed the safe in the back bedroom of the apartment and overheard someone say that the safe had come from Whaley's Pharmacy.

Shortly thereafter Kenny Duebbert arrived at the apartment with an acetylene cutting torch, hoses, and tanks. Fullmer was told by John Dominique to lock the front door, turn on the stereo and listen for someone. Appellant and the others went into the bedroom containing the safe and closed the door. About thirty minutes later, someone yelled "it's open" and Fullmer returned to the bedroom. At that time Fullmer observed that the safe had been cut open and money and a quantity of pill boxes and bottles had been removed. Appellant, the Dominiques and Fullmer then took the empty safe outside and loaded it into appellant's truck.

Appellant was arrested on January 19, 1979, at 1 a. m., hiding in the bathroom of his apartment in Jefferson City. Three hundred dollars in small bills and an acetylene cylinder were seized from his apartment.

█ The State's evidence against appellant, although circumstantial, was legally sufficient to uphold his conviction.[1] When the State's case is based on circumstantial evidence, the facts and circumstances relied upon to establish guilt must be consistent with each other and with the hypothesis of defendant's guilt. The facts and circumstances must also be inconsistent with and exclude every reasonable hypothesis of defendant's innocence. But the circumstances need not be absolutely conclusive of guilt or demonstrate impossibility of innocence and the mere existence of other possible hypotheses is not enough to remove the case from the jury. *State v. Puckett*, 611 S.W.2d 242, 244 (Mo.App.1980).

The evidence, viewed in a light most favorable to the State and disregarding all unfavorable inferences, was as follows: (1) On the night the crimes were committed, appellant assisted in moving the safe into John Dominique's apartment; (2) he was present while a lookout was posted and the safe was identified as being stolen; (3) the safe was opened in his presence with a cutting torch and the contents of the safe were removed; (4) appellant and others then removed the safe from the apartment and loaded it onto appellant's truck; and (5) when appellant was arrested he had $300 in small bills and an acetylene cylinder.

The evidence presented was sufficient to make a submissible case and convict appellant. Appellant's first contention is without merit.

Appellant next contends that the trial court erred in permitting the State to adduce evidence concerning the "street" value of the narcotics stolen in the burglary because such evidence was irrelevant to the proper value of the narcotics. Appellant further contends that the trial court erred in permitting the State to argue that the burglary was committed to obtain narcotics.

During his opening statement the prosecuting attorney stated that he would adduce evidence that the street value of the narcotics in the stolen safe was over $16,000. Appellant did not object. When the State attempted to present that evidence during the trial, appellant objected and the objection was sustained. As no evidence of the street value of the drugs was presented to the jury, there was no error.

█ Appellant's complaint regarding the State's closing argument was not preserved

---

1. Appellant offered no evidence.

by an objection during the trial. We have, however, reviewed the closing argument and find that the prosecuting attorney properly argued reasonable inferences from the evidence, *State v. Frazier*, 522 S.W.2d 46, 48 (Mo.App.1975), and that the argument was proper reply to issues raised by appellant in his closing argument. *State v. Wood*, 596 S.W.2d 394, 403 (Mo.banc), *cert. denied*, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). Appellant's second contention is without merit.

Appellant's final contention is that the trial court erred in giving verdict-directing instructions that required the jury to find that the crimes in question were committed by "certain persons."[2] Appellant argues that there was no evidence to indicate that more than one person committed the crimes. Our review of the evidence indicates the contrary. We therefore reject appellant's claim of error.

The judgment of the trial court is affirmed.

STEWART, P. J., and STEPHAN, J., concur.