**Steven Wayne ARNOLD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 43136.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

James A. Bell, St. Louis, for appellant.

John Ashcroft, Kristie Green, Jefferson City, George Peach, St. Louis, for respondent.

CRIST, Judge.

Pro se appeal from the denial of post-conviction relief following an evidentiary hearing, Rule 27.26. We affirm.

Movant was convicted by a jury on June 29, 1977, of first degree robbery § 560.120, RSMo.1969, and assault to do great bodily harm without malice aforethought, § 559.-190, RSMo.1969. The trial court sentenced him under the Second Offender Statute, § 556.280, RSMo.1969, to consecutive terms

of twenty-five and four years, respectively. The convictions and sentences were affirmed by this court on direct appeal. *State v. Arnold*, 574 S.W.2d 1 (Mo.App. 1978).

Movant asserts:

(1) He was denied due process and effective assistance of counsel by reason of his trial attorney's failure to offer or request a lesser included stealing offense instruction and by the failure of the trial court to give such an instruction *sua sponte*;

(2) The state failed to disclose all statements made by movant to police officers following his arrest; and

(3) He was denied due process and effective assistance of counsel because his trial attorney failed to obtain a voluntariness hearing on movant's alleged confession and the court failed to conduct such a hearing on its own motion.

The failure of the trial court to give a lesser included stealing offense instruction in a robbery case is instructional error to be raised on direct appeal and is not cognizable in a Rule 27.26 proceeding. *Ross v. State*, 601 S.W.2d 672, 676 (Mo.App. 1980). The evidence supporting his conviction having been reviewed and found sufficient on direct appeal, 574 S.W.2d at 3, the alleged trial error did not affect movant's constitutional rights. Rule 27.26(b)(3). Movant failed to establish ineffective assistance on the part of the trial attorney because the failure to offer or request the lesser included offense instruction was part of counsel's deliberate trial strategy. As such, it cannot form the basis for relief. *Cole v. State*, 553 S.W.2d 877, 882 (Mo.App. 1977).

Movant cannot complain of the state's failure to disclose statements made by him when it is clear that the statements were paraphrased in police reports given to his attorney prior to trial and where the state did not offer any of the statements into evidence. The statements were elicited at trial by movant's counsel during cross-examination. There is no basis for movant's complaint. *State v. Stenner*, 591 S.W.2d 123, 125 (Mo.App.1980).

Movant's attack on the failure of his trial attorney or the court to conduct a voluntariness hearing outside the presence of the jury is without merit where he testified at trial against having made a confession. Trial counsel's deliberate strategy was to have movant deny before the jury making any statements to the police, thereby attacking the police officer's credibility. Trial strategy does not support a claim of ineffective assistance of counsel. *Cole v. State, supra*. The trial court is required to conduct a voluntariness hearing only when the confession is challenged. *State v. Jackson*, 448 S.W.2d 895, 896 (Mo.1970). Movant has never challenged the voluntariness of his alleged confession.

The judgment of the trial court below is based on findings of fact which are not clearly erroneous.

Affirmed.

REINHARD, P. J., and SNYDER, J., concur.