STATE of Missouri,
Plaintiff-Respondent,

v.

Frank V. MANDINA,
Defendant-Appellant.

No. 47251.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 31, 1984.

Gordian S. Benes, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GAERTNER, Presiding Judge.

An information charged defendant with stealing twenty-two railroad ties owned by Missouri Pacific Railroad ("MoPac"). After a jury trial, defendant was convicted of stealing over $150 without consent in violation of § 570.030, RSMo 1978, and sentenced as a persistent and prior offender to three years imprisonment in the Missouri Department of Corrections. § 558.016, RSMo 1978. Defendant raises two issues on appeal: 1) the evidence was insufficient to support his conviction and 2) evidence newly discovered after his trial required granting him a new trial. We find the first issue dispositive, and reverse appellant's conviction.

Defendant asserts the State failed to establish a submissible case because its evidence was insufficient to establish either that he committed or participated in the

crime or that the railroad ties were the property of another. Defendant neither presented evidence nor testified at his trial. "In testing the sufficiency of the evidence, facts and appropriate inferences intelligently drawn therefrom must be assessed in a light most favorable to the verdict and all adverse inferences and evidence disregarded. Review is limited to whether a submissible case was presented to the jury." *State v. Doebert,* 659 S.W.2d 280, 281 (Mo. App.1983). When, as here, the state's case is based on circumstantial evidence, the facts and circumstances relied upon to establish guilt must be consistent with each other and with the hypothesis of defendant's guilt. The facts and circumstances must also be inconsistent with and exclude every reasonable hypothesis of defendant's innocence. But the circumstances need not be absolutely conclusive of guilt or demonstrate impossibility of innocence and the mere existence of other possible hypotheses is not enough. *Id.* at 282. *State v. Prier,* 634 S.W.2d 197, 199 (Mo. banc 1982). Within this standard of review, we now consider the evidence and defendant's challenge to its sufficiency.

On July 22, 1982, at approximately 11:00 p.m. during his routine patrol of Carondolet Park in the City of St. Louis, Officer Strum observed a pickup truck about 50–75 feet away which appeared weighted down. Some five to seven feet behind the truck, appellant drove a station wagon. Both the truck and the station wagon were moving slowly, without lights on an access road near a picnic area in the park. The officer positioned his patrol car to block their paths, forcing the truck and station wagon to stop. Upon approaching the driver of the truck, he observed railroad ties in the truck and arrested the truck driver. He then approached appellant in the station wagon and observed defendant alone in the car. He described defendant as clad in blue jeans with a black substance on his trousers and work gloves on the seat next to him which the officer seized. Defendant told the officer he had been playing ball. Carondolet Park contains several ball diamonds in addition to picnic spots. After

also arresting defendant, the officer seized a fragment of one of the twenty-two railroad ties located in the truck of the other driver. This and defendant's work gloves were taken for laboratory analysis. Kevin Keeney, a security officer for MoPac, came to the scene. He noted the ties on the truck were stamped with KM–81 indicating to him they had been sold to MoPac. The police officer had observed that the railroad ties within the truck were the same type and size as those ties stacked along the railroad tracks running through Carondolet Park. Kenneth Edscorn, the purchasing manager for MoPac, identified an invoice for the purchase in October 1981 of 300 cross ties from Kerr-McGee Chemical Corp. Edscorn acknowledged the invoice for the 300 ties, did not indicate to whom or where the ties had been delivered; that the ties MoPac purchases have no identification such as serial numbers; that MoPac purchases up to a million ties per year; that the marking "KM–81" indicated the ties were sold by Kerr-McGee. He had no personal knowledge that the allegedly stolen ties belonged to MoPac. There was no evidence that any railroad ties belonging to MoPac were missing.

It is the theory of the prosecution that the evidence was sufficient to show defendant's presence near the scene of the crime in joint possession of recently stolen property, circumstances justifying an inference of defendant's guilt. We disagree.

■ First, the State failed to prove a crime had been committed. The presence of the railroad ties in the pickup truck is totally unexplained. There is no evidence identifying the truck driver. He may have been an employee of MoPac, or of the Park Department, or an independent landscaper who purchased railroad ties manufactured by Kerr-McGee in 1981. There is a total dearth of evidence tending to establish that the possession of the railroad ties by the truck driver was anything but legitimate.

Secondly, the State failed to show any connection between the defendant and the railroad ties, the pickup truck or its driver,

other than being on the same road at the same time in different vehicles. The arresting officer noted a tar-like substance on defendant's clothing and a pair of work gloves in the front seat of defendant's car. However, although the gloves and a silver of railroad tie from the truck were seized and taken to the police laboratory, the results of whatever laboratory tests which may have been made were not introduced into evidence, nor was the absence of this evidence explained. We need not indulge in any inference drawing—it suffices to say that dirty clothes alone do not a thief make. The State utterly failed to connect defendant with possession of the railroad ties.

 It is the State's burden to forge each link in the chain of circumstantial evidence tending to establish the guilt of an accused beyond a reasonable doubt. The accused rests under no obligation to break that chain in order to be entitled to acquittal. *State v. Irby,* 423 S.W.2d 800, 802 (Mo.1968); *State v. Dudley,* 617 S.W.2d 637, 639 (Mo.App.1981). The judgment is reversed.

SMITH and STEPHAN, JJ., concur.