STATE of Missouri, Respondent,

v.

Freddie M. THOMAS, Appellant.

No. WD 74575.

Missouri Court of Appeals, Western District.

Jan. 2, 2013.

Chris Koster, Attorney General, Jessica P. Meredith, Assistant Attorney General, Jefferson City, MO, for Respondent.

William J. Swift, Assistant Public Defender, Columbia, MO, for Appellant.

Before Division IV: JAMES EDWARD WELSH, Chief Judge, and MARK D. PFEIFFER and CYNTHIA L. MARTIN, Judges.

MARK D. PFEIFFER, Judge.

Freddie M. Thomas ("Thomas") appeals the judgment of the Circuit Court of Pettis County, Missouri ("trial court"), entered upon a jury verdict finding him guilty of manufacturing a controlled substance, § 195.211;[1] and possession of a controlled substance with the intent to deliver, § 195.211. Having been found by the trial court to be a prior and persistent offender, Thomas was sentenced to twelve years imprisonment on each count, to be served concurrently. Thomas challenges the sufficiency of the evidence to support his convictions. We affirm.

## Factual and Procedural Background[2]

On December 1, 2010, members of the Sedalia, Missouri, Police Department's Strike Team Investigation Narcotics Gang Unit served a no-knock warrant to search for marijuana at a residence located at 718 East 9th Street in Sedalia and leased by Bobby Wright ("Wright"). The officers entered through the front door, found two males standing at the kitchen table, and saw one male attempting to flee through the back door. Officers at the back door of the residence apprehended the fleeing male, who was identified as Pernell Brooks ("Brooks"). All three men were secured inside the residence, and Detective Joseph McCullough read Brooks and the other two men, identified as Wright and Thomas, the search warrant and the Miranda[3] warnings. Each man responded that he understood his rights.

All of the evidence collected by the police was found in the kitchen. Marijuana was in plain view on the kitchen table.

The officers seized a large amount of loose marijuana, forty-one small zip-lock baggies containing marijuana, loose baggies with the corners removed, a digital scale, and a coffee grinder with marijuana remnants inside. On Wright, the officers found $1004 in cash. Detective Ryan Reed searched Thomas. In Thomas's pocket, the detective found a sandwich bag containing twenty-eight grams of marijuana packaged in fifteen individual baggies with the corners removed.

Wright claimed ownership of the marijuana. He admitted that he had been dealing in marijuana and that Brooks and Thomas were at the residence to help him package the marijuana into smaller amounts for sale. When questioned separately by the officers, Thomas admitted to using marijuana and admitted that he was sitting at the table helping package the marijuana, but denied that he intended to sell the baggies in his pocket. Thomas claimed the marijuana found in his pocket was for his personal use.

Thomas was charged as a prior and persistent offender with one count of manufacturing a controlled substance, in that, acting together with others, he manufactured more than five grams of marijuana, a controlled substance, by packaging it; and one count of possession of a controlled substance with the intent to deliver, in that, with the intent to distribute, deliver, and sell, he possessed more than five grams of marijuana, a controlled substance, knowing of its presence and illegal nature.

1. All statutory references are to the Revised Statutes of Missouri 2000, as updated through the 2011 cumulative supplement.

2. We view the evidence in the light most favorable to the jury's verdict. *State v. Wilson*, 359 S.W.3d 60, 62 (Mo.App. W.D.2011).

3. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

At trial, Detective McCullough testified that the twenty-eight grams of marijuana found in Thomas's pocket "can be a user quantity"; but because the substance was found in fifteen individual packages, based upon the detective's training and experience, it was his opinion that the marijuana was held for sale. Detective Reed also opined, based on his training and experience, that the separately packaged baggies found on Thomas's person indicated a seller amount of marijuana. Detective Reed testified that a "dime" bag of marijuana weighed three grams and sold for $10, and a "nickel" bag weighed 1.5 grams and sold for $5; each of the baggies found on Thomas weighed either just under three grams or just under 1.5 grams. On cross-examination, Detective Reed stated that under the right conditions, an ounce of marijuana, the amount found in Thomas's pocket, could be a user amount. But when asked on redirect why the baggies of marijuana found in Thomas's pocket caused Detective Reed to say that it was meant for sale, he explained that it made sense for someone to have a bulk amount in one separate bag as a user amount, "but based on what [Thomas] had also told me under *Miranda* and the fact that they were individually wrapped, ... it's easy to say that it's for sale."

Thomas moved for a judgment of acquittal at the close of the State's evidence, which was denied.[4] Thomas did not testify at trial but recalled both officers. Thomas again moved for a judgment of acquittal at the close of all the evidence, asserting in part that the evidence was insufficient as a matter of law to support a finding of guilt. The trial court denied the motion.

After deliberation, the jury returned a verdict of guilty on both counts. Thomas filed a motion for judgment of acquittal notwithstanding the verdict of the jury or in the alternative for a new trial, contending in part that the evidence was insufficient as a matter of law to support a finding of guilt. The trial court denied the motion and sentenced Thomas to twelve years imprisonment on each count, to be served concurrently.

Thomas appeals, arguing that the trial court erred in denying his motion for judgment of acquittal and in sentencing him for manufacturing a controlled substance by packaging marijuana and for possessing marijuana with the intent to deliver in violation of his due process rights. He does not challenge the fact that he was packaging marijuana at the time police executed the search warrant. Nor does he challenge the evidence establishing that a large plastic bag containing fifteen individually packaged marijuana baggies was found on his person when Detective Reed searched him. The issue is whether the evidence was sufficient to establish that Thomas aided or encouraged anyone in the manufacture of marijuana by packaging or

---

4. When the State rested, the trial court ruled on the defense Motion for Judgment of Acquittal at the Close of all the Evidence. Thereafter, the court inquired of Thomas regarding his choice not to testify. The defense then elected to present additional evidence by recalling the two detectives to inquire whether any recordings were made of the statements Thomas gave them or whether Thomas was asked to make a written statement at the time of the search. "A defendant waives any claim of error in the denial of his motion for judgment of acquittal at the close of the State's evidence when he subsequently presents evidence on his behalf." *State v. Gaines*, 316 S.W.3d 440, 452 (Mo.App. W.D.2010). However, after the defense rested, Thomas requested that the trial court reconsider his previously submitted Motion for Judgment of Acquittal at the Close of all the Evidence, which included an insufficiency of the evidence claim. In addition, Thomas's motion for new trial reasserted his claim that the State's evidence was insufficient. Therefore, Thomas's points of error are preserved.

in the possession of marijuana with the intent to deliver.

## Standard of Review

■ "We review the denial of a motion for judgment of acquittal to determine if the State made a submissible case by presenting sufficient evidence." *State v. Wilson*, 359 S.W.3d 60, 65 (Mo.App. W.D. 2011). When this court reviews a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, giving the State the benefit of all reasonable inferences. *Id.* at 65–66. Our review is limited to determining whether there is sufficient evidence from which a reasonable juror could find the defendant guilty beyond a reasonable doubt. *Id.* at 66. We accept as true all evidence favorable to the State and disregard all evidence to the contrary. *Id.* "Reasonable inferences can be drawn from both direct and circumstantial evidence." *Id.* "Circumstantial evidence alone can be sufficient to support a conviction." *Id.* It is for the finder of fact to determine the reliability, credibility, and weight of witness testimony. *Id.*

## Analysis

In each point on appeal, Thomas challenges the sufficiency of the evidence presented that he aided or encouraged Wright or Brooks in committing the offense for which he was convicted. Therefore, we will address the points together.

In his first point, Thomas argues that the trial court erred in denying his motion for judgment of acquittal at the close of all of the evidence and in entering judgment on the jury's verdict and sentencing him for manufacturing a controlled substance by packaging marijuana because the evidence did not prove beyond a reasonable doubt that he aided or encouraged Wright

or Brooks in committing that offense by packaging marijuana.

Under the instruction submitted to the jury, in order for the jury to find Thomas guilty beyond a reasonable doubt of manufacturing marijuana under a theory of accomplice liability, the State was required to prove that: (1) Thomas, Wright, or Brooks knowingly manufactured more than five grams of marijuana by packaging it; and (2) with the purpose of promoting or furthering the offense, Thomas aided or encouraged Wright or Brooks in committing the offense. Thomas challenges only the second element, claiming that he did the packaging himself and that neither Wright nor Brooks was involved. Thomas asserts that because there was no evidence that Wright or Brooks packaged marijuana, there was insufficient evidence to prove that he aided or encouraged them in manufacturing by packaging.

In his second point, Thomas argues that the trial court erred in denying his motion for judgment of acquittal at the close of all of the evidence and in entering judgment on the jury's verdict and sentencing him for possessing marijuana with the intent to deliver because the evidence did not prove beyond a reasonable doubt that he aided or encouraged Wright or Brooks in committing that offense.

Under the instruction submitted to the jury, in order for the jury to find Thomas guilty beyond a reasonable doubt of possession of more than five grams of marijuana with intent to deliver, the State was required to prove: (1) that Thomas, Wright, or Brooks possessed more than five grams of marijuana; (2) that Thomas knew or was aware of its presence and nature; (3) that Thomas, Wright, or Brooks intended to deliver the marijuana to other persons; and (4) that, with the purpose of promoting or furthering the commission of the offense, Thomas aided

or encouraged Wright or Brooks in committing that offense. Thomas challenges only the fourth element, claiming that he packaged the marijuana into baggies and placed them in his pocket intending to deliver them without any participation by Wright or Brooks.[5] Thomas contends that the evidence did not establish that he aided or encouraged Wright or Brooks in possessing marijuana with intent to deliver.

■■■■ "The doctrine of accomplice liability set forth in section 562.041 comprehends any of a wide variety of actions intended to assist another in criminal conduct." *State v. Young*, 369 S.W.3d 52, 55 (Mo.App. E.D.2012). Section 562.041 provides in pertinent part:

1. A person is criminally responsible for the conduct of another when

. . . .

(2) Either before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense.

§ 562.041.1(2). "To make a submissible case of accomplice liability, the State must show that the defendant associated himself with the venture or participated in the crime in some manner." *Wilson*, 359 S.W.3d at 66. But the State need not show that the defendant personally committed every element of the crime. *Id.* Any evidence that shows affirmative participation in aiding another person to commit the crime will support a conviction. *Id.*

■■■■ Because Missouri has eliminated the distinction between principals and accessories, all persons who act in concert to commit a crime are equally guilty. *State v. Isa*, 850 S.W.2d 876, 898 (Mo. banc 1993). "An indictment or information may charge a defendant either as a principal or as an aider and encourager with the same legal effect." *Id.* "In determining whether the evidence is sufficient to support a conviction for the charged offense based on accomplice liability, evidence of the defendant's presence at the scene of the crime, coupled with his association with the indi-

5. Although not raised as error by Thomas, the State points out that Thomas was not charged with acting as an accomplice for possession of a controlled substance with intent to deliver. However, the instruction submitted to the jury on that count added the uncharged element of accomplice liability. The State asserts that this raises a variance claim rather than a sufficiency claim. We need not address the variance issue except to note that in *State v. Isa*, 850 S.W.2d 876, 898 (Mo. banc 1993), the Missouri Supreme Court held that it was proper to submit accomplice liability to the jury despite having charged the defendant as a principal. *State v. Davis*, 963 S.W.2d 317, 326 (Mo.App. W.D.1997). "The reason is because Missouri long ago abolished the common law distinction between principals and accessories: '[a]ll persons who act together with a common intent and purpose in the commission of a crime are equally guilty.'" *Id.* (quoting *Isa*, 850 S.W.2d at

898). "'An indictment or information may charge a defendant either as a principal or as an aider and encourager with the same legal effect.'" *Id.* (quoting *Isa*, 850 S.W.2d at 898). "While due process demands that the accused know enough about the crime charged to prepare an effective defense or raise the double jeopardy bar, it does not require the State reveal all potential theories of the prosecution's case in the information or indictment." *Id.* In this case, the First Amended Information alleged all the essential facts required for manufacturing a controlled substance by packaging it. Liability as an accomplice neither violated a separate statute nor altered the name of the offense charged. *Id.* at 326 n. 4. Since Thomas would be equally liable whether he packaged the marijuana or whether he was an accomplice as defined by section 562.041.1(2), facts supporting accomplice liability were not an essential part of the offense charged. *See* Rule 23.01(b)(2)–(5).

viduals who committed the offense, either before, during, or after its occurrence, may be considered by the jury." *Wilson,* 359 S.W.3d at 66. "There is no particular act necessary to establish accomplice liability; mere encouragement is enough." *Id.* " 'Encouragement,' for the purpose of determining accomplice liability, is the equivalent of conduct that by any means countenances or approves the criminal actions of others." *Id.* Therefore, we must determine whether all of the facts and circumstances in evidence raise a reasonable inference from which the jury could find that Thomas aided, encouraged, or participated in some manner in the charged offenses. *Id.* at 66–67.

■ At trial, the detectives testified that Thomas, Wright, and Brooks were all found in the kitchen where the marijuana and supplies were located. Thomas admitted to the detectives that he was sitting at the kitchen table helping package marijuana. Thomas concedes in his brief that Wright told Detective McCullough that *Thomas* had packaged marijuana into small amounts for *Wright* to sell. A jury could have reasonably inferred from the evidence that Thomas, Wright, and/or Brooks were acting in concert to manufacture marijuana by packaging it. Because "all persons who act in concert to commit a crime are equally guilty," under the evidence, the jury was free to convict Thomas as an accomplice for aiding, encouraging, or participating with Wright or Brooks in the crime. *Young,* 369 S.W.3d at 55. Therefore, the trial court did not err in denying Thomas's motion for judgment of acquittal and sentencing him for manufacturing a controlled substance.

■ Furthermore, Detective Reed testified that he searched Thomas and found fifteen individual baggies of marijuana totaling twenty-eight grams. Each individual baggie weighed either just under three grams or just under 1.5 grams. Although Thomas told the detectives that the marijuana found in his pocket was for his personal use, the detectives opined that the quantity of marijuana Thomas possessed, together with the way in which it was packaged, was a seller's amount. Additionally, Detective McCullough testified that Wright claimed ownership of the marijuana and admitted that he had been dealing in marijuana and that Brooks and Thomas were at the residence to help him package the marijuana into smaller amounts for sale. Under the doctrine of accomplice liability, this evidence was sufficient to raise a reasonable inference from which the jury could find that Thomas possessed and was aiding or encouraging Wright or Brooks in the possession of more than five grams of marijuana for sale to other persons. Therefore, the trial court did not err in denying Thomas's motion for judgment of acquittal and sentencing him for possessing marijuana with intent to deliver.

Points I and II are denied.

## Conclusion

The judgment of the trial court is affirmed.

JAMES EDWARD WELSH, Chief Judge, and CYNTHIA L. MARTIN, Judge, concur.