STATE of Missouri, Respondent,

v.

Jeffrey A. HILL, Appellant.

No. ED 98451.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 24, 2013.

Margaret M. Johnston, Woodrail Centre, Columbia, MO, for appellant.

Chris Koster, Attorney General, Robert J. Bartholomew, Jr., Asst. Attorney General, Jefferson City, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Jeffrey Hill ("Defendant") appeals from the judgment upon his conviction of one count of second-degree domestic assault, Section 565.073, RSMo 2000,[1] one count of armed criminal action, Section 571.015, and one count of third-degree assault, Section 565.070. Defendant argues the trial court erred in overruling his motion for judgment of acquittal after all the evidence because the evidence did not prove he attempted to cause physical injury to his sister ("Victim") when he told her he was going to blow her head off with his pistol, retrieved the pistol, and returned pointing it at her. In addition, Defendant contends because armed criminal action requires the commission of an underlying felony and there was no underlying felony here, that conviction should also be reversed. We affirm.

The following facts were adduced at trial. Victim and Defendant are siblings, who live together at the address where the incident took place. The property is owned by their mother, who also lives there. Victim called a towing company to have a pick-up truck removed from her mother's property. The City of Pacific had told Victim it was going to issue a fine for a derelict vehicle if the vehicle was not licensed or towed. Victim testified she did not know who owned the vehicle.

A tow truck driver showed up to tow the pick-up truck. After filling out the paperwork with Victim, who had reported the truck was abandoned, the tow truck driver began hooking the truck up. As he was doing this, Defendant showed up in another vehicle and blocked the tow truck. Defendant immediately jumped out of his car and started yelling at the tow truck driver, telling him if he touched the truck, he was going to shoot him. Defendant also threatened to beat up the tow truck driver. The tow truck driver testified he was fearful that Defendant would shoot him.

The tow truck driver was unable to calm Defendant, but he told him he needed to go talk to the property owner and that he would not tow the truck while he did so. Defendant went inside, and the tow truck driver called his dispatch and the police.

Defendant entered the house screaming that he was going to shoot the tow truck driver. Victim testified Defendant then began hitting her in the head. Victim stated she was going to have him arrested if he hit her again. Defendant responded that he was going to "blow her [f-ing] head off with his pistol." Defendant then went down the hall and retrieved his pistol. When he came back, he was pointing the gun at Victim, who ran out the front door, hid, and called the police.

Victim also testified she was scared of Defendant when the incident took place because he had previously attacked other members of the family.

Thereafter, the police arrived. Officer Harvey Nowak testified Victim was visibly upset and Defendant was yelling angrily. William George, in his capacity as supervisor of the firearm and tool mark section of the St. Louis County Police Department, later examined the gun Defendant used. He testified the gun was missing its cylinder pin, but that it could be fired without one.

Defendant was arrested and charged with one count of felony second-degree domestic assault, one count of felony armed criminal action, two counts of misdemeanor third-degree domestic assault, and one count of misdemeanor third-degree assault.

---

1. All further references are to RSMo 2000 unless otherwise indicated.

Defendant was subsequently found guilty of second-degree domestic assault, and armed criminal action based on the incident with Victim, and third-degree assault based on the incident with the tow truck driver. Defendant was found not guilty of the other charges.

Defendant then filed a motion for new trial, which was denied. Defendant was sentenced as a prior and persistent offender to nine years of imprisonment for the second-degree domestic assault, a concurrent nine-year term for armed criminal action, and a concurrent thirty-day term for the third-degree assault. This appeal follows.

In his sole point, Defendant argues the trial court erred in overruling his motion for judgment of acquittal after all the evidence because the evidence did not prove he attempted to cause physical injury to his sister when he told her he was going to blow her head off with his pistol, retrieved the pistol, returned pointing it at her. Defendant argues his mere threat to use the weapon, even with the ability to carry out the threat, did not establish his intent to cause physical injury absent strongly-corroborating evidence that it was his conscious object to carry out the threat, and such evidence was lacking in this case. In addition, Defendant contends because armed criminal action requires the commission of an underlying felony and there was no underlying felony here, that conviction should also be reversed. We disagree.

■ We review the denial of a motion for judgment of acquittal to determine if the State made a submissible case by presenting sufficient evidence. *State v. Thomas*, 387 S.W.3d 432, 436 (Mo.App. W.D.2013). When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, giving the State the benefit of all reasonable inferences. *Id.* Our review is limited to determining whether there is sufficient evidence from which a reasonable juror could find the defendant guilty beyond a reasonable doubt. *Id.* We accept as true all evidence favorable to the State and disregard all evidence to the contrary. *Id.* Reasonable inferences can be drawn from both direct and circumstantial evidence. *Id.* Circumstantial evidence alone can be sufficient to support a conviction. *Id.* It is for the finder of fact to determine the reliability, credibility, and weight of witness testimony. *Id.*

■ Section 565.073.1(1) provides one is guilty of second-degree domestic assault when he: "[a]ttempts to cause or knowingly causes physical injury to such family or household member by any means, including but not limited to, by use of a deadly weapon or dangerous instrument." Further, Section 564.011.1 provides: "A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." A person acts purposely or with purpose, with respect to his conduct or to a result thereof when it is his conscious object to engage in that conduct or to cause that result. *Finley v. State*, 321 S.W.3d 368, 371 (Mo.App. W.D.2010). A mere threat with the ability to carry out that threat does not necessarily constitute an attempt to commit a crime. *Id.* Instead, there must be strongly corroborating evidence that it was the defendant's conscious object to carry out the threat. *Id.* A defendant's purpose is rarely susceptible to direct proof. *Id.* at 371–72. As a result, purpose will frequently be established by circumstantial evidence. *Id.* at 372.

Defendant analogizes this case to *State ex rel. Verweire v. Moore*, 211 S.W.3d 89, 90 (Mo. banc 2006). In *Verweire*, the defendant got into an argument with a juvenile at an arcade. *Id.* at 91. The defendant pulled out a semi-automatic pistol, grabbed the juvenile by neck, jabbed the pistol in his side and cheek, and told the juvenile he would "blow his [f-ing] head off." *Id.* The defendant then left the arcade and was arrested shortly afterward in possession of the loaded pistol. *Id.* The defendant was subsequently charged and pled guilty to first-degree assault for "attempting to cause serious physical injury to a male juvenile by grabbing him by the throat while holding a .25 caliber handgun to his chest and his head and then pushing him." *Id.* In the subsequent *habeas corpus* proceeding, the issue before the court was whether Verweire's conduct constituted a substantial step toward commission of the offense of first-degree assault. *Id.* at 92. The court found the evidence was not sufficient to establish that Verweire took a substantial step toward commission of the offense of first-degree assault. *Id.* In making this finding, the court noted it was undisputed that when Verweire aimed the pistol at the juvenile, he did not pull the trigger and that he soon retreated from the altercation without ever having attempted to fire the pistol. *Id.* Under these circumstances, the court found he did not have the intent to cause serious physical injury, but merely threatened to do so. *Id.* While the State contended Verweire's statement threatening to "blow [the juvenile's] head off" provided the necessary intent to commit first-degree assault, the court noted a mere threat with the ability to carry out that threat does not necessarily constitute an attempt to commit a crime. *Id.* Instead, the court continued, "there must be strongly corroborating evidence that it was the defendant's conscious object to carry out the threat." *Id.*

In addition, Defendant relies on *State v. Dublo*, 243 S.W.3d 407 (Mo.App. W.D. 2007). In *Dublo*, the defendant was charged with first-degree assault for holding a knife to the throats of two victims and on his attempt to cause serious physical injury. *Id.* at 409. The court noted the record was devoid of any strong corroborating evidence to support an attempt to cause serious harm and thus, relying on *Verweire*, found the evidence was insufficient to justify the conviction of assault in the first-degree. *Id.* at 410.

The instant case is distinguishable from both of the above cases. First of all, the crime at issue here is second-degree domestic assault, which is different in important ways from first-degree assault, which was at issue in *Verweire* and *Dublo*. As noted above, second-degree domestic assault is where someone "[a]ttempts to cause or knowingly causes physical injury to such family or household member by any means, including but not limited to, by use of a deadly weapon or dangerous instrument." Section 565.073. On the other hand, first-degree assault is where someone "attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." Section 565.050.1. Therefore, in this case, to find Defendant guilty according to the jury instructions, the jury needed to find he attempted to cause mere "physical injury to [Victim] by threatening to blow her head off and pointing a firearm at her face."

■ The record contains sufficient circumstantial evidence to support this finding. Victim testified that when Defendant first burst through the front door, he repeatedly head-butted and punched her in the head. Thus, he had already attempted to injure Victim, which is corroborative of his intent to injure Victim with the gun. Then he told her, "I'll blow your [f-ing]

head off with my pistol," before retrieving his revolver. He returned within moments to point it at her face from a distance of seven or eight feet at which point Victim fled and hid from Defendant. Then Defendant went to his Mother's room and yelled he was going to kill her and her "fat whore daughter." Defendant then went outside after Victim and the police arrived. A jury could have reasonably concluded based on this evidence that Defendant intended to carry out his threat toward Victim. Unlike in *Verweire* and *Dublo*, there is no evidence here that Defendant backed away from his initial threat. Instead, the evidence corroborates the fact that it was Defendant's conscious object to carry out the threat. Moreover, as noted above, the State put on evidence showing that while the gun was missing its cylinder pin, it could still be fired without one. Thus, Defendant had the ability to carry out his threat.

In addition, because we are affirming the underlying felony of second-degree domestic assault, we also affirm Defendant's related armed criminal action conviction.

Therefore, we find the trial court did not err in overruling Defendant's motion for judgment of acquittal after all the evidence. Point denied.

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, P.J. and SHERRI B. SULLIVAN, J., concur.