**Jeffrey A. HILL, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 105107

Missouri Court of Appeals,
Eastern District,
DIVISION TWO.

Filed: October 31, 2017

FOR APPELLANT: Lisa M. Stroup, Missouri Public Defender's Office, 1010 Market Street, Suite 1100, St. Louis, Missouri 63101.

FOR RESPONDENT: Shaun J. Mackelprang, Assistant Attorney General, PO Box 899, Jefferson City, Missouri 65102.

Philip M. Hess, Judge

*Introduction*

Jeffrey Hill ("Movant") appeals the judgment of circuit court of Franklin County denying his Rule 29.15 motion for post-conviction relief. Movant argues that his trial counsel was ineffective for three reasons: 1) failing to object when Victim testified Movant had attacked other family members in the past; 2) failing to argue before the trial court that the rule of lenity barred his conviction for second-degree domestic assault; and 3) submitting the incorrect jury instruction for third-degree domestic assault. Finding no error, we affirm.

*Factual Background*

Movant was charged with second-degree domestic assault, armed criminal action, third-degree assault, and two counts of third-degree domestic assault. In March 2012, a jury found Movant guilty of second-degree domestic assault, armed criminal action, and third-degree assault. Movant was found not guilty on two counts of third-degree domestic assault.

The evidence at trial demonstrated that Movant lived with his sister ("Victim") and mother. In the evening of August 13, 2008, Victim called a towing company to remove an unlicensed truck from her mother's property. Victim did not know who owned the vehicle, and it appeared inoperable. When the tow truck driver arrived and began hooking the truck up, Movant showed up in another vehicle and blocked the tow truck. Movant then got out of his vehicle and threatened to shoot the tow truck driver if he touched the truck. The unlicensed truck apparently belonged to Movant or his son.

The tow truck driver informed Movant he needed to talk to the property owner and would not tow the truck while he did so. Movant, still very agitated, went inside

his home, where Victim was. The tow truck driver then called the police. Movant confronted Victim inside the house and screamed that he would shoot the tow truck driver. He then hit Victim in the head. Victim said she was going to call the police, to which Movant responded he was going to "blow her [f-ing] head off with his pistol." He then retrieved his gun and came back and pointed the gun in Victim's face. Victim fled and called the police. Movant was arrested shortly thereafter, and during his arrest he was still visibly upset and yelling. At trial the State demonstrated that Movant's pistol was missing its cylinder pin, but it could still be fired without one.

The trial court sentenced Movant to nine years' imprisonment for second-degree domestic assault, a concurrent nine-year term for armed criminal action, and a concurrent thirty-day term for third-degree assault. Movant filed an appeal challenging the sufficiency of the evidence supporting his second-degree domestic assault and armed criminal action convictions. This Court affirmed his convictions in *State v. Hill*, 408 S.W.3d 820 (Mo. App. E.D. 2013).

Movant filed a timely pro se motion for post-conviction relief under Rule 29.15.[1] An amended motion was filed untimely by appointed counsel. The motion court determined that the late amended motion resulted from abandonment by counsel, and therefore deemed the amended motion as timely filed. *See Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991) ("Should the failure to file a timely amended motion result from inattention of counsel, the court shall permit the filing."). Following an evidentiary hearing, the motion court denied Movant's request for post-conviction relief. This appeal follows. Testimony from the evidentiary hearing and trial will

be provided as necessary during our analysis.

## Relevant Law

■ Appellate review of a motion court's denial of post-conviction relief is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. *Rotellini v. State*, 77 S.W.3d 632, 634 (Mo. App. E.D. 2002); Rule 29.15(k). Findings of fact and conclusions of law are clearly erroneous only if, upon reviewing the record, we are left with the definite and firm impression a mistake has been made. *Soto v. State*, 226 S.W.3d 164, 166 (Mo. banc 2007).

■ "Trial counsel is presumed effective, and the movant has the burden to prove otherwise." *Jones v. State*, 514 S.W.3d 72, 80 (Mo. App. E.D. 2017). When a movant seeks post-conviction relief claiming ineffective assistance of counsel, he must first establish that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would display when rendering similar services under similar circumstances, and second that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Evans*, 524 S.W.3d 530, 533 (Mo. App. E.D. 2017). To establish prejudice, a movant must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

## Discussion

Movant argues that his trial counsel was ineffective for three reasons: 1) failing to

---

1.  All references to Rules are to Missouri Supreme Court Rules (2016).

object when Victim testified Movant had attacked other family members in the past; 2) failing to argue before the trial court that the rule of lenity barred his conviction for second-degree domestic assault; and 3) submitting the incorrect jury instruction for third-degree domestic assault.

## I.  Prior Bad Acts Testimony

Movant argues Victim's statement she feared Movant because he had attacked other members of her family constituted inadmissible evidence of Movant's prior bad acts. Movant asserts trial counsel was ineffective because "[n]o reasonable strategy can account for [trial counsel's] failure to object and seek a mistrial or curative instruction." Respondent argues that trial counsel's strategy for not objecting to Victim's challenged statements was not objectively unreasonable, and also Movant failed to demonstrate he was prejudiced by trial counsel's strategy.

During trial, the prosecutor asked Victim if she feared Movant. Victim replied that she did. The prosecutor asked Victim why she was scared, and Victim replied, "Because [Movant] attacked other members of my family before." Movant's trial counsel did not object to Victim's answer. During the evidentiary hearing, trial counsel explained he could not stop Victim from answering the prosecutor's question. He admitted that he could have asked the court to order the jury to disregard Victim's answer, but he explained that he did not want to draw attention to the testimony and did not want to appear to be obstructionist to the jury. He testified that he did not move for a mistrial because he

did not believe there was a legal basis for a mistrial.

We disagree with Movant's argument that "[n]o reasonable strategy can account for [trial counsel's] failure to object and seek a mistrial or curative instruction." As our Supreme Court explained in *State v. Tokar*, "[i]n many instances seasoned trial counsel do not object to otherwise improper questions or arguments for strategic purposes." 918 S.W.2d 753, 768 (Mo. banc 1996). "It is feared that frequent objections irritate the jury and highlight the statements complained of, resulting in more harm than good." *Id.* Trial counsel explained his decision not to object to Victim's challenged statement, stating: 1) he did not want to appear obstructionist to the jury and; 2) he did not want to draw attention to Victim's statements. Movant did not present evidence to overcome the presumption that trial counsel's failure to object was done for strategic purposes. Accordingly, Movant cannot satisfy the first prong of *Strickland*. Point I is denied.

## II.  Rule of Lenity

Movant asserts that trial counsel was ineffective for failing to argue that the rule of lenity barred his conviction for second-degree domestic assault. Movant contends that "where the defendant is alleged to have attempted to cause physical injury to a family or household member, he can be convicted of either second-degree or third-degree domestic assault."[2] Movant argues that under the rule of lenity he is entitled to the presumption that the legislature intended the act of attempt-

2. At the time of Movant's conviction, § 565.073.1(1) RSMo (2000) mandated that a person committed second-degree domestic assault if he or she "attempts to cause or knowingly causes physical injury to [a] family or household member by any means, including but not limited to, by use of a deadly weapon

or dangerous instrument, or by choking or strangulation...." Section 565.074.1(1) RSMo (2000) mandated that a person committed third-degree domestic assault if he or she "attempts to cause or recklessly causes physical injury to [a] family or household member."

ing to cause physical injury to a family member to be charged as third-degree domestic assault. Respondent argues that Movant's claim is meritless because this Court has already rejected similar arguments based on the rule of lenity.

The rule of lenity mandates that when a criminal statute is ambiguous, all ambiguity must be resolved in the defendant's favor. *Fainter v. State*, 174 S.W.3d 718, 721 (Mo. App. W.D. 2005). Under the rule of lenity, an ambiguous criminal statute is strictly construed against the government and liberally in favor of the defendant. *Id.* However, the rule of lenity applies to the interpretation of statutes only when the court "can make no more than a guess as to what the legislature intended." *Id.*; *State v. Rodgers*, 396 S.W.3d 398, 403 (Mo. App. W.D. 2013).

Movant concedes that both the Southern District and Western District of this Court have rejected arguments substantially similar to the claim Movant raises. In *State v. Blackburn*, the Southern District determined that § 565.073.1(1)[3] was not ambiguous and that it was unnecessary to apply the rule of lenity to interpret it. 168 S.W.3d 571, 576 (Mo. App. S.D. 2005). After the Southern District decided *Blackburn*, the defendant sought transfer to the Missouri Supreme Court, which was denied. In *State v. Ondo*, the Southern District declined to reconsider its decision in *Blackburn*, and determined there was no ambiguity between §§ 565.073 and 565.074. 232 S.W.3d 622, 630 (Mo. App. S.D. 2007). In 2008, the Western District also declined to reconsider the *Blackburn* decision. *See State v. Darden*, 263 S.W.3d 760, 765 (Mo. App. W.D. 2008). Movant asks us to reconsider *Blackburn* and its progeny, which we decline to do. The issue before us is whether trial counsel was inef-

fective for failing to raise a legal argument already rejected multiple times by this Court. Movant has not cited to any case where a court has so held. It is well-settled that trial counsel cannot be ineffective for failing to raise a non-meritorious objection. *See, e.g., Spells v. State*, 277 S.W.3d 343, 351 (Mo. App. W.D. 2009). Given this, Movant has not demonstrated that his trial counsel was ineffective for failing to object to his conviction for second-degree domestic assault because the rule of lenity required he be convicted of third-degree domestic assault. Point II is denied.

## III. Failure to Offer Correct Instruction for Third-Degree Domestic Assault

In his final point, Movant claims that his trial counsel was ineffective for failing to offer the correct lesser-included third-degree domestic assault instruction. Trial counsel offered an instruction which asked the jurors to find Movant guilty of third-degree domestic assault if they determined Movant "purposefully placed [Victim] in apprehension of immediate physical injury by threatening to blow her head off and pointing a firearm at her face." Movant argues that trial counsel should have instead submitted a jury instruction for third-degree domestic assault which read:

> "As to Count I, if you find and believe from the evidence beyond a reasonable doubt ... the defendant attempted to cause physical injury to [Victim] by threatening her ..., then you will find the defendant guilty of Domestic Assault in the Third Degree."

Movant contends that his proffered instruction more closely follows the theory of defense at trial, which was that Movant did not point a gun at Victim, but only cursed at her. Respondent contends that we

---

3. All statutory references are to RSMo (2000) unless otherwise indicated.

should decline to review Movant's claim because his claim on appeal differs materially from the claim alleged in his amended motion. Respondent further asserts that even if we reviewed Movant's claim it would fail because trial counsel submitted a viable jury instruction for third-degree domestic assault and Movant cannot demonstrate prejudice.

Regarding whether Movant's claim is preserved for appeal, Respondent points out that in his amended motion Movant did not set forth the exact language that trial counsel should have included in his instruction for third-degree domestic assault. Movant's argument in his amended motion was that trial counsel incorrectly based his jury instruction for third-degree domestic assault off of the fourth element option of MAI-CRD3d 319.76. He argued that trial counsel should have instead submitted an instruction based off of "MAI-CR3d 319.76 First Element Option [1](attempted to cause physical injury to [name of victim] by [Describe conduct] )." However, Movant did not clarify why trial counsel should have submitted an instruction based off of "First Element Option [1]," and only asserted without explanation it was the "true lesser-included instruction."

**■■■■** We agree with Respondent that Movant's argument on appeal differs from his amended motion. "In actions under Rule 29.15, any allegations or issues that are not raised in the Rule 29.15 motion are waived on appeal." *McLaughlin v. State*, 378 S.W.3d 328, 340 (Mo. banc 2012) (internal quotations omitted). "Pleading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal" and there is "no plain error review in appeals from post-conviction judgments for claims that were not presented in the post-conviction motion." *Id.* Movant did not specify in his amended motion what conduct trial counsel should

have included or excluded in his jury instruction for third-degree domestic assault. Movant's argument on appeal that trial counsel should have omitted Movant's act of pointing a gun at Victim was not included in his amended motion. Accordingly, Movant's new argument on appeal in unreviewable. .

**■■■■** Furthermore, even if Movant's claim were reviewable, it would fail. "The general rule is that instructional errors are not cognizable in a Rule 29.15 proceeding." *Tilley v. State*, 202 S.W.3d 726, 732 (Mo. App. S.D. 2006) (quoting *Young v. State*, 761 S.W.2d 725, 727 (Mo. App. 1988)). An exception to this general rule arises only if the error reaches the level of a constitutional error, which is defined as an error "so glaring that it substantially deprives an accused of the right to a fair trial." *Id.* Not only is instructional error generally non-cognizable in a post-conviction proceeding, it is even less likely to be cognizable where, as here, the evidence supporting the movant's conviction was reviewed on direct appeal and found to be sufficient to sustain the conviction. *See Mangan v. State*, 665 S.W.2d 85, 86 (Mo. App. S.D. 1984) (citing *Arnold v. State*, 632 S.W.2d 54, 55 (Mo. App. E.D. 1982)).

Movant has not demonstrated that counsel's alleged error reached the level of a constitutional error. This Court has already determined there was sufficient evidence to support Movant's conviction for second-degree domestic assault. *State v. Hill*, 408 S.W.3d 820, 824 (Mo. App. E.D. 2013). And, we disagree with Movant that his proposed instruction for third-degree domestic assault is more consistent with trial counsel's strategy than the jury instruction that trial counsel actually submitted. Although trial counsel argued during closing argument that Movant did not possess a working pistol, he also argued that Movant did not commit a crime because

his conduct towards Victim was non-physical. Submitting a jury instruction for third-degree domestic assault which would have instructed the jurors to find Movant guilty if he "attempted to cause physical injury to [Victim] by threatening her" would have been inconsistent with trial counsel's argument that Movant's threatening behavior did not constitute a crime. For the foregoing reasons, Movant's point is denied.

## Conclusion

The motion court's denial of post-conviction relief under Rule 29.15 was not clearly erroneous. The judgment of the motion court is affirmed.

Lisa P. Page, P.J. and Roy L. Richter, J. concur.